ROY E. HAYS, Executive Secretary, Wisconsin Real Estate Examining Board
You have requested my opinion on the two following matters:
1. SPANISH OAKS APARTMENTS, LTD. Robert W. Baird Co.
Facts: The Robert W. Baird Co. is, according to a prospectus filed with the Department of Securities, offering to investors a limited partnership investment for the purpose of participating in acquiring and owning a 248 unit garden apartment. The partnership, through a Florida agent, will rent, manage, etc. the project.
The transfer of an existing interest may only be to close members of the family of limited partnerships. Initially, units are to be sold in $5000 amounts. The prospectus indicates upon dissolution the assets of the partnership will be liquidated and distributed to the members of the limited partnership.
Question: Does the sale of the limited partnership interest, the proceeds which are converted to real estate, represent *Page 255 
sale of real estate as defined by Section 452.01 (2) (a), Wisconsin Statutes; or sale of business opportunities as defined by Section 452.01 (2) (e), Wisconsin Statutes?
Section 452.01 (2), Stats., provides in part:
"(2) `Real estate broker' means any person not excluded by sub. (6), who:
"(a) For another, and for commission, money or other thing of value, sells, exchanges, buys or rents, or offers or attempts to negotiate a sale, exchange, purchase or rental of an interest or estate in real estate."
* * *
"(e) Is engaged wholly or in part in the business of selling business opportunities or good will of an existing business or is engaged wholly or in part in the business of buying and selling, exchanging or renting of any business, its good will, inventory, fixtures or an interest therein."
I am of the opinion that the sale of units of interest in a limited partnership do not constitute the sale of an interest in real estate or the sale of business opportunities within the meaning of the two sections quoted above.
The limited partnership as a legal entity, organized pursuant to ch. 179. Stats., is the owner, manager and operator of the real estate involved. The real estate in this instance is located in another state. We are not here concerned with whether the partnership requires a Wisconsin or Florida real estate broker's license. Your attention is, however, directed to the opinion of this office directed to you, dated January 15, 1971, concerning management and rental of real estate owned by a corporation or partnership.
I am of the opinion that units of interest in a limited partnership are personalty. Section 179.18, Stats., expressly so provides:
"Nature of limited partner's interest in partnership. A limited partner's interest in the partnership is personal property." *Page 256 
Units of interest in a limited partnership are securities within the meaning of sec. 551.02 (13) (a), Stats.
I do not believe that the legislature intended that the sale of such units would constitute the sale of business opportunities under sec. 452.01 (2) (e).
See 49 OAG 4 (1960) for a discussion of the sale of a corporate business by means of stock transaction. Much of the analysis there would apply to the sale of a limited partnership, although we should point out that we are concerned here only with sale of units in a limited partnership and not with the whole.
I have reviewed the opinion of Quarles, Herriott, Clemons, Teschner Noelke and am in substantial agreement with the same. In the case of Spanish, there is limited regulation under the Federal Securities Act and the Wisconsin Uniform Securities Act.
II. NATIONAL DEVELOPMENT INVESTMENT, INC.
National Development Investment, Inc., a Wisconsin corporation, is offering to investors a limited partnership investment for the purpose of purchasing "real estate and other property as the limited partnership may from time to time acquire, and to hold, operate, improve, finance, lease and ultimately to dispose of said real estate and other property acquired." There is no indication in the limited partnership agreement that the real property transactions will be handled by a licensed real estate broker. The limited partnerships are being sold for $4,666.65, payable in five annual payments of $933.33 plus interest of $873.66 due on the date of the last payment. The number of limited partnerships is restricted to 15, thus exempting them from the Wisconsin Uniform Securities Law (Section 551.23 (10) Statutes). Limited partnership interests may be assigned only to members of the immediate family of the limited partner. The agreement indicates that on termination of the partnership, all assets shall be liquidated, repaid to the Limited Partners as their cash contributions appear, and any surplus then be divided among the partners. *Page 257 
Question: Does the sale of the limited partnership interest, the proceeds which are converted to real estate, represent sale of real estate as defined by Section 452.01 (2) (a), Wisconsin Statutes; or sale of business opportunities as defined by Section 452.01 (2) (e), Wisconsin Statutes?
The proposal of National Development and Investment, Inc. (First Lakeshore Limited) appears to be similar toSpanish except that there is no securities broker involved at present and the general partner in the limited partnership is a Wisconsin corporation and that the present real estate owned is in Wisconsin.
My conclusions applicable to Spanish are equally applicable to First Lakeshore Limited. The office of Commissioner of Securities for Wisconsin has stated that the offering by National is presently exempt under sec. 551.23 (10), Stats.
RWW:RJV